# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF INDIANA

**FILED**
AUG 05 2024
At _____
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA — M

*[This form is for prisoners to challenge <u>one</u> State court conviction or <u>one</u> probation/parole revocation proceeding.*
*If you want to challenge more than one, you must file a separate form for each one.*
*If you are challenging a prison disciplinary proceeding or a federal conviction, you need a different form.]*

# 28 U.S.C. § 2254 HABEAS CORPUS PETITION BY A PERSON IN STATE CUSTODY

| Name (under which you were convicted): | Case No. [*For a new case in this court, leave blank.* *The court will assign a case number.*] |
|---|---|
| David Edward Jackson III | **2:24CV10-PPS/JEM** |

| Place of Confinement: |
|---|
| Was out on Parol when the Habeas Corpus was Stayed. Was confined to New Castle Correctional Facility. |

*[Once you know your case number, it is <u>VERY IMPORTANT</u> that you include it on <u>everything</u> you send to the court for this case.*
*<u>DO NOT</u> send more than one copy of anything to the court. <u>NEATLY</u> print in ink (or type) your answers.]*

## CONVICTION AND SENTENCE

1. What State court entered the judgment you are challenging? Lake County Superior Court of Indiana

   Criminal case number: <u>45G02-1803-F3-000011 - (Global Resolution of 45G02-1803-F4-000011, 45G02-1803-F4-000009, 45G02-1803-F3-000011).</u> Did you plead guilty? ☒ Yes. ☐ No.

   Length of sentence: 45G02-1803-F4-000009 Sexual Misconduct with a Minor, (3) Years Prison; 45G02-1803-F3-000011 Sexual Misconduct with a Minor, (2 ½) Years Prison; 45G02-1803-F4-000011 Sexual Misconduct with a Minor, (2 ½) Years Prison.
   Date of sentencing: <u>11/23/2022</u>

   Crime(s) for which you were sentenced: <u>45G02-1803-F4-000009 Sexual Misconduct with a Minor, a Level 5 Felony; 45G02-1803-F3-000011 Sexual Misconduct with a Minor, a Level 6 Felony; 45G02-1803-F4-000011 Sexual Misconduct with a Minor, a Level 6 Felony</u>

## PROBATION/PAROLE REVOCATION

Are you challenging a probation/parole revocation? ☒ No. ☐ Yes, the revocation hearing was held on: ___/___/_____ by _____ and I was revoked because _____
_____
_____

*[For a challenge to a revocation proceeding, list <u>only</u> direct appeals, post-conviction relief petitions, and other collateral attacks that were associated with challenging the revocation.]*

**DIRECT APPEAL** [*Do not include post-conviction relief petitions or other collateral attacks in this section.*]

2.    Did you directly appeal to the Court of Appeals of Indiana?  ☐ No.  ☐ Yes, case number: _____ Result: _____.
Date of result:____/____/_____
   Did you seek transfer to the Indiana Supreme Court? ☐ No. ☐ Yes, case number: _____
   Result: _____ Date of result:____/____/_____
   Did you petition for certiorari to the United States Supreme Court? ☐ No. ☐ Yes, case number: _____
   Result: _____. Date of result:____/____/_____

*[<u>DO NOT</u> write in the margins or on the back of any pages. Attach additional pages if necessary.]*

## FIRST POST-CONVICTION RELIEF PETITION

4. Did you file a post-conviction relief petition in State court?  ☐ No.  ☒ Yes, case number: 45G02-2204-PC-000010

Name of court: Lake County Superior Court of Indiana Date of filing: 04/06/2022

Result: Court adopts state's findings in part. PCR denied with findings. Notify, INSTANTER. Case disposed. [KAS-NB/RJO].

Date of result: 02/27/2023

Did you appeal to the Court of Appeals of Indiana?  ☐ No.  ☒ Yes, case number: 23A-PC-00583

Result: Appeal Denied.  Date of result: 02/29/2024

Did you seek transfer to the Indiana Supreme Court?  ☐ No.  ☒ Yes, case number: 23A-PC-00583

Result: Transfer Denied.  Date of result: 06/20/2024

## OTHER COLLATERAL ATTACKS

5. Other than the cases listed above, have you filed anything else in State court challenging this conviction or revocation?

☐ No.  ☒ Yes, I filed: Post Conviction Relief (1ˢᵗ time).  Case number: 45G02-2106-PC-000014

Name of court: Lake County Superior Court of Indiana.  Date of filing: 06/08/2021

Result: FP with Nadia Wardrip, Russell Brown and David Jackson III. Parties file their Joint Motion to Grant PCR. PCR is granted conditioned upon the Petitioner reentering change of pleas in his underlying cause numbers. Convictions in 2-1803-F4-9, 2-1803-F4-11 and 2-1803-F3-11 are vacated. FP set for 12-16-21 is vacated. Case disposed. [KAS/JKS/jd/RJO].

Date of result: 11/23/2021

Did you appeal to the Court of Appeals of Indiana? ☒ No. ☐ Yes, case number: _____

Result: _____. Date of result: _____/_____/_____

Did you appeal to the Indiana Supreme Court? ☒ No. ☐ Yes, case number: _____

Result: _____. Date of result: _____/_____/_____

6. Have you challenged this conviction or revocation in federal court? ☒ No. ☐ Yes, case number: _____

Name of court: _____. Result: _____

7. Have you challenged this conviction or revocation in any other case or appeal?  ☐ No.  ☒ Yes, I filed: Requests to File Successive Post-Conviction Petitions.  Case number: 23A-SP-03128 Name of court: Indiana Court of Appeals. Date of filing: 12/28/2023 Result: Denied as premature.  Date of result: 02/01/2024

**FILING FEE** [The fee for filing this habeas corpus petition is $5.00.]

8. Are you paying the $5.00 filing fee?

☒ Yes, I have authorized prison officials to deduct the money from my prisoner trust fund account and send it to the court.

☐ No, I have attached a separate Prisoner Motion to Proceed in Forma Pauperis AND a copy of my inmate trust fund ledger for the past six months BECAUSE I have less than $15.00 now AND I have received an average of less than $15.00 a month during the past six months.

# GROUNDS RAISED IN THIS HABEAS CORPUS PETITION

[State every ground on which you are being held in violation of the Constitution, laws, or treaties of the United States. Write the facts supporting each ground. Use simple English words and sentences. Do not use legal terms or quote from cases or statutes. If you want to submit a legal brief or arguments, attach a separate memorandum. **CAUTION:**
**If you do not present every ground in this petition, you may be barred from doing so later.**]

**GROUND ONE:** [Briefly describe your claim.] Breach of Plea Agreement – Offender Registration Time

Supporting Facts: [Do not argue or cite law. Just state the specific facts that support your claim.]

The State of Indiana repeatedly breached their plea agreement. The breach was ruled to be a material breach which made the agreement invalid as stated in the first Post Conviction Relief motion, which was granted. Following that Post Conviction Relief, a second plea agreement states that Mr. Jackson would only have to register for 10 years. Mr. Jackson is being forced to register for a lifetime. The Prosecutor lied to the court and told them that the lifetime registry requirement was just an error caused by

[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]

the Porter County Sherriff. The Judge made a promise to send a copy of the order to the Sherriff and have him correct the error and if that did not work, she would bring everyone back into the court to ask why it isn't fixed. Due to this assumption, she denied the second petition for Post Conviction Relief. The issue was never fixed and when Mr. Jackson informed Magistrate Sullivan that it hadn't been corrected, she stated that Mr. Jackson would have to file a third PCR but would have to petition the State Court of Appeals for permission first. This was a clear violation of the promise she made to which Mr. Jackson's attorney agreed to at the detriment of Mr. Jackson. The reason Mr. Jackson is required to register for life is due to state statute based on the convictions. During the second PCR hearing, Mr. Jackson's attorney stated that he believed this was the reason but was interrupted by the prosecutor who stated that she was told that the breach was due to the Porter County Sherriff and the Magistrate took that as "Proof" enough to deny the second PCR. It is Mr. Jackson's understanding that the Magistrate, having already ruled in Mr. Jackson's favor on this same issue during the first PCR and the state agreeing with it at the time to their benefit, as it was their breech, that both would have to hold to the same determination in the second. However, the Magistrate seems to have taken an opposing view / ruling in direct contradiction to the first ruling and the state failed to correct its errors causing the breach to occur again, either deliberately or due to negligence. Magistrate Sullivan made a promise that if it was not corrected that she would readdress the issue and find a solution. Mr. Jackson relied on this promise. Also Mr. Jackson was incarcerated and was doing everything he could to get answers as to why it was not fixed and believed the Magistrate would keep to her word. When Mr. Jackson saw the Magistrate next, he informed her that it was still not fixed. She dismissed him and stated he would just have to file a third PCR. A Magistrate should be held to their word in court. Mr. Jackson was told by the magistrate that he would have to do a third PCR, which he attempted to file but it was dismissed as "premature" so that's what he is trying to do but also a 2254 Habeas Corpus as well. Also, Mr. Jackson took a plea deal which waives many appeal rights. The registry would be corrected only after the completion of my entire state appeal process and following my motion to lift the stay on my Habeas Corpus case and following his filling a request for indirect criminal contempt against government officers, requesting a special judge and filed an affidavit of judicial bias. The state did not act until it was finally ordered to comply with the plea agreement after Mr. Jackson filed a Notice of Breach and desire to rescind the Plea Agreement. The Magistrate issued the order on her own without motion from me or the state in a manner that only protected the state's wishes even though the state stated that they could not correct it on the record prior to being ordered to do so. However, it was only corrected regarding the lifetime registration, but not the classification, which carries constitutional violations preventing Mr. Jackson from participating in his minor child's life, namely being involved in her education, as there are statutes that hold legal actions against him if he were to try. Legal Principles include: Material Breach of Contract, Due Process, Judicial Estoppel, Specific Performance, Reliance and Detrimental Reliance. Mr. Jackson's claim is supported by principles of contract law, due process, judicial estoppel, specific performance, and detrimental reliance. The state's repeated breach of the plea agreement and the failure to correct the registration term as promised constitute grounds for relief. If it wasn't for the States' deliberate actions to harass and prejudice Mr. Jackson and abide by the agreement, then the plea agreement would not have been materially breached, violated and invalidated due to prejudicial misconduct by the State.

Did you present Ground Two to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND TWO:** [*Briefly describe your claim.*] Breach of Plea Agreement – Over Served Sentence

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Mr. Jackson's probation was illegally revoked, and his sentence was served in its entirety and so it cannot be "Corrected". Mr. Jackson tried to correct this properly by filing a 3rd PCR, but it was dismissed as stated above as "Premature". The revocation also removed all served time on Probation which Mr. Jackson ended up serving both in jail and in Prison awaiting the resolution of all State matters including active appeals before he would be able to challenge it anew as his third Post Conviction Relief was denied as "Premature" which, prohibiting him from challenging it. Mr. Jackson served more time than was required by the Plea Deal. The illegal revocation of Mr. Jackson's probation constitutes a violation of his due process rights. Mr. Jackson emphasizes that he was entitled to a fair hearing before any revocation and that the terms of his plea agreement should have been honored and the deliberate malicious actions done by the State and the Court Officers should have been addressed. Legal Principles include: Due Process Rights Violation (14th Amendment), Right to a Fair Hearing (Indiana Code § 35-38-2-3), Breach of Plea Agreement, Premature Denial of PCR, Credit Time (Indiana Code § 35-50-6-3). Mr. Jackson claims that his probation was illegally revoked, and that this revocation violated his due process as well as relevant Indiana statutes and case law. The denial of his

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

PCR petition as "premature" effectively barred him from seeking relief for these violations. If it wasn't for the States' deliberate actions to harass and prejudice Mr. Jackson and abide by the agreement, then the plea agreement would not have been materially breached, violated and invalidated due to prejudicial misconduct by the State.

Did you present Ground Four to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND THREE:** [*Briefly describe your claim.*] Breach of Plea Agreement – Illegally Revoked Probation

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Probation officers would use false unsubstantiated evidence in a vindictive response to Mr. Jackson filing a Post Conviction Relief claim due to their illegal actions and violations of his plea agreement. This is considered entrapment as Mr. Jackson's response was due to their actions. This would lead to Mr. Jackson being removed from court ordered therapy due to having an active Post Conviction Relief. The Officers would state that this violated the Plea Agreement even though the act to remove Mr. Jackson was done by policy and was not due to any request he made. Mr. Jackson had not missed any sessions and fully complied at all sessions. However, the court and the officers would ignore the policy of the therapist and the fact that it was initiated by the officers' illegal activities. Then the officers again would use unsubstantiated hearsay to falsely state Mr. Jackson was recording his therapy sessions with no evidence to support that claim. The officer stated that they told the therapist, as well as went out of their way to call "ALL" the therapists in the area and informed them all that Mr. Jackson records sessions which would, according to the officers, make every therapist refuse to work with Mr. Jackson. When asked by Mr. Jackson's attorney what evidence they had to support the claim of recording sessions, the officers would state that Mr. Jackson's attorney told them that it happened. When Mr. Jackson's attorney tried to refute these claims, the magistrate silenced the attorney stating he is not a witness and therefore could not challenge the claim that he said it. Additionally, Lake County did not have the jurisdiction to raise the Petition to Revoke Probation, this action is also challenged on jurisdictional grounds. Legal Principles include: Entrapment, Retaliation for Exercising Legal Rights (1st Amendment), Breach of Contract / Plea Agreement, Hearsay Rule, Right to Confront Witnesses, Due Process Rights (Substantive & Procedural) (14th Amendment), Jurisdictional Issues, Violation of State Law, Equal Protection Clause (14th Amendment). The claim statement can be supported by invoking constitutional protections under the 14th Amendment (due process). If it wasn't for the States' deliberate actions to harass and prejudice Mr. Jackson and abide by the agreement, then the plea agreement would not have been materially violated and invalidated due to the prejudicial misconduct by the State.

Did you present Ground Three to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND FOUR:** [*Briefly describe your claim.*] Breach of Plea Agreement – Probation Transferred from Porter County to Lake County

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Mr. Jacksons supervision was transferred to Lake County following his removal from Porter County Project Pro Therapy. This was in violation of the plea agreement. The reason for removal was already stated above in ground 3's claim. The Porter County Probation Officer did not raise the Petition to Revoke Probation, Lake County did that following the transfer which itself violated the plea agreement. Indiana Code § 35-38-2-3 outlines the procedures for probation revocation, including who has the authority to file a petition to revoke probation. Lake County did not have the jurisdiction to raise the Petition to Revoke Probation, this action could be challenged on jurisdictional grounds. Legal Principles include: Breach of Plea Agreement, Due Process Rights (14th Amendment), Jurisdictional Issues, Violation of State Law, Equal Protection Clause (14th Amendment). Based on the above principles and case law, Mr. Jackson claims that the transfer of his supervision to Lake County and the subsequent actions taken by Lake County violated his plea agreement, due process rights, jurisdictional authority, state law, and equal protection rights. If it wasn't for the States' deliberate actions to abide by the plea agreement terms, then the Plea Agreement would still be valid, due to the misconduct of the state the Plea Agreement would not have been materially violated and invalidated.

Did you present Ground Four to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND FIVE:** [*Briefly describe your claim.*] Ineffective Assistance of Counsel / Denied Counsel on Appeal

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

A criminal defendant has a right under the Sixth Amendment to effective assistance of counsel. Mr. Jackson was denied Appellate counsel, which due to his financial needs and his mental disabilities that affect his ability to understand, comprehend and effectively present his cases, were necessary. Most of the time Mr. Jackson was being denied his medications during portions of the State Appeal process while he was in custody. Prior to his conviction, Mr. Jackson also had inadequate assistance of counsel. Mr. Jackson can show how multiple times he had made requests from his attorneys prior to, during and following his conviction could have made a difference. Examples include Mr. Jackson's request to challenge the Probable Cause Charging Documents through a Franks Hearing, which was never done by any of them. The attorneys also made several statements that were presented in court during the first post-conviction relief that demonstrate the conviction could have been false or illusory. Mr. Jackson can show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The right to counsel extends to the first appeal as of right. Indigent defendants are entitled to appointed counsel on their first appeal as of right. Denial of appellate counsel due to financial needs would violate this principle. Denying Mr. Jackson his medications, which are necessary for his mental health, during the appeal process could be seen as a violation of his due process rights. Additionally, if his mental disabilities were not accommodated, it could be argued that he was denied equal protection under the law. If Mr. Jackson's counsel failed to request a Franks hearing to challenge the probable cause charging documents, this could be seen as a deficiency in performance under the Strickland standard. Legal Principles include: Right to Effective Assistance of Counsel (6th Amendment), Right to Counsel on Appeal, Due Process and Equal Protection, Franks Hearing. If it wasn't for Mr. Jackson being denied his reasonable accommodation and his right to be represented on appeal, then the results would have been different, and the conviction would have been overturned. Also, if it wasn't for the deficiency of the Attorneys at different stages, Mr., Jackson would have been freed and never convicted. An example is the fact that several of the attorneys failed to request a Franks hearing.

Did you present Ground Five to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND SIX:** [*Briefly describe your claim.*] Willful and Wanton Criminal Prosecutor Misconduct

   Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The Prosecutor's office and Probation Officer committed several state and federal felony level crimes including conspiring to deprive Mr. Jackson of his rights, violating his privacy, stealing court records and disseminating them to third parties without permission as required by court. They also committed fraud by falsifying and tampering with court records and making public misstatements and allegations never charged or under investigation to harass and deprive Mr. Jackson of his right to parent his children. All of this was done under the color of law and in their official capacities. Mr. Jackson has records, transcripts, emails and more to prove this. They also had made Mr. Jackson install software to illegally monitor his devices which by its very terms of service states that it cannot be used by any government agency including probation or parole as the software is technologically deficient to protect supervised persons rights and is not designed to be used in such a way. The unauthorized monitoring of Mr. Jackson's devices and the dissemination of his private information could constitute a violation of his Fourth Amendment rights. These actions, including falsifying court records and making public misstatements, could be seen as violations of Mr. Jackson's due process rights. Mr. Jackson argues that the prosecutors and probation officer conspired to violate his rights, including his right to privacy and his right to parent his children. Fraud and tampering with court records are serious offenses that can undermine the integrity of the judicial process. Mr. Jackson claims that the falsification and tampering with court records by the prosecutors and probation officer constitute fraud and obstruction of justice. Unauthorized dissemination of court records and monitoring of Mr. Jackson's devices without proper authorization is a violation of his right to privacy. The right to parent one's children is a fundamental right protected under the Due Process Clause of the Fourteenth Amendment. Actions taken to harass and deprive Mr. Jackson of his parental rights are a violation of his constitutional rights. The actions taken by the prosecutors and probation officer constitute abuse of power and official misconduct. These actions, taken under the color of law, could be grounds for both civil and criminal liability. Mr. Jackson's claim can be supported by invoking the principles of civil rights violations under 42 U.S.C. § 1983, conspiracy to deprive constitutional rights under 42 U.S.C. § 1985, fraud, right to privacy, parental rights, and abuse of power. These principles are grounded in both U.S. Supreme Court and Indiana case law, providing a robust framework for his arguments. Legal Principles include: Protection against unreasonable searches and seizures (6th Amendment), Due process (14th Amendment), Conspiracy to Deprive Constitutional Rights, Fraud and Tampering with Court Records, Right to Privacy (4th Amendment), Parental Rights (14th Amendment), Abuse of Power and

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Official Misconduct. If it was not for the violations of Mr. Jacksons rights by the State and its officers, then Mr. Jackson's constitutional rights would not have been violated then the results would have been different, and the Plea Agreement would not have been materially violated and invalidated.

Did you present Ground Six to the Indiana Supreme Court?  ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND SEVEN:** [*Briefly describe your claim.*] Brady Violations

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The voluntarism of the plea is determined by "considering all of the relevant circumstances surrounding" the plea. A plea is voluntary if not induced by threats or misrepresentations and if the defendant is made aware of the direct consequences of the plea. He must be aware of the "relevant circumstances and likely consequence" surrounding the plea. In pleading guilty, the defendant must be apprised of three fundamental rights: the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers. Not only did the State withhold evidence from Mr. Jackson but also from the Court as well and used falsified or fictitious evidence at every stage including his probation revocation hearings where Mr. Jackson was punished repeatedly for protecting his Compulsory rights. The Court also refused to allow Mr. Jackson's attorney to dispute the evidence and statements and prevented the Attorney from presenting evidence to support Mr. Jackson's claim regarding that he was not in therapy simply due to having an active post-conviction relief petition and due to State accepted policy to protect Mr. Jackson from compulsion following the States breach of the immunity agreement and standing court order that was to prevent such an act. A guilty plea must be made voluntarily, knowingly, and intelligently. The defendant must be aware of the rights being waived, including the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront one's accusers. A plea is voluntary if it is not induced by threats, misrepresentations, or improper promises, and if the defendant is fully aware of the direct consequences of the plea. The prosecution must also disclose any deals or promises made to witnesses in exchange for their testimony. The promise to the complaining witness was not disclosed. The defendant has the right to effective assistance of counsel. If the attorney is prevented from disputing evidence or presenting supporting evidence, it may constitute ineffective assistance. Denial of effective assistance of counsel can be presumed if the circumstances are such that the attorney could not provide adequate representation. In the context of probation revocation, due process requires a fair hearing where the defendant can present evidence and contest the state's evidence. Fifth Amendment to the U.S. Constitution: Protects against self-incrimination. Any compulsion to incriminate oneself, especially in violation of an immunity agreement, would be unconstitutional. Any actions by the State that compelled Mr. Jackson to incriminate himself, especially in violation of an immunity agreement, would violate the Fifth Amendment and corresponding state constitutional protections. Indiana Constitution, Article 1, Section 14: Provides similar protections against self-incrimination. Voluntariness of Plea: The plea must be evaluated considering all relevant circumstances. If Mr. Jackson was not fully informed of his rights or if his plea was induced by threats or misrepresentations, it would not be considered voluntary. The State's failure to disclose evidence and use of falsified evidence violates due process. Preventing Mr. Jackson's attorney from disputing evidence or presenting supporting evidence constitutes a violation of the Sixth Amendment right to effective assistance of counsel. The refusal to allow Mr. Jackson to present evidence or dispute the state's evidence during probation revocation hearings violates due process. Legal Principles include: Voluntariness of Plea, Disclosure of Evidence, Right to Effective Assistance of Counsel (6th Amendment), Due Process and Fair Trial, Compulsory Self-Incrimination (5th Amendment), Withholding Evidence. If it was not for the violations of Mr. Jacksons rights by the State and its officers, then Mr. Jackson's would never have been arrested, charged or convicted.

Did you present Ground Seven to the Indiana Supreme Court?. ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND EIGHT:** [*Briefly describe your claim.*] Lake County Lacked Jurisdiction to Raise Claims Over Porter County Probationer

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The Plea Agreement Mr. Jackson had stated that his probation was to be transferred to Porter County. When Porter County transferred Mr. Jackson's probation back to Lake County this violated the plea agreement. Lake County would then initiate Violations of Probation in which it lacked jurisdiction. Terms of a plea agreement must be strictly adhered to by both parties. Indiana Code § 35-38-2-3: This statute outlines the procedures for probation revocation in Indiana. It specifies that the court

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

which originally sentenced the defendant retains jurisdiction over probation matters unless jurisdiction is properly transferred. Indiana Code § 35-38-2-1: This statute allows for the transfer of probation supervision to another county, but the original sentencing court retains jurisdiction unless explicitly transferred. Plea agreements are generally interpreted under contract law principles. If the plea agreement explicitly states that probation is to be supervised in Porter County, then transferring probation back to Lake County without proper cause or agreement could be seen as a breach of contract. If the plea agreement explicitly stated that Mr. Jackson's probation was to be supervised in Porter County, transferring his probation back to Lake County without his consent or a valid legal reason would constitute a breach of the plea agreement and due process. According to Indiana Code § 35-38-2-3 and § 35-38-2-1, the original sentencing court (Lake County) retains jurisdiction over probation matters unless jurisdiction is properly transferred. If Mr. Jackson's probation was transferred to Porter County, Lake County would need to follow proper legal procedures to regain jurisdiction. Initiating probation violation proceedings without proper jurisdiction would violate due process. If Lake County initiated probation violation proceedings without proper jurisdiction, it is a violation of Mr. Jackson's due process rights. He is entitled to a fair hearing in the appropriate jurisdiction, and any actions taken without proper jurisdiction would be invalid. The claim that transferring Mr. Jackson's probation from Porter County to Lake County violated his plea agreement can be supported by principles of contract law, due process, and specific statutory provisions governing probation in Indiana. If the plea agreement explicitly stated that probation was to be supervised in Porter County, any transfer back to Lake County without proper legal procedures would constitute a breach of the agreement and a violation of due process. Legal Principles include: Enforcement of Plea Agreements, Due Process in Probation Revocation, Contract Law Principles, Violation of Plea Agreement, Jurisdiction Over Probation. If not for the illegal interference by Lake County, then Mr. Jacksons Probation would not have been violated and his Plea Agreement would not have been materially breached, violated and invalidated.

Did you present Ground Eight to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer. I did not word it this clear as I did not know how to argue it well.

**GROUND NINE:** [*Briefly describe your claim.*] Balance of Power – Checks and Balances – Prosecutors removed Police Discretion.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The Lake County Prosecutors Office created a policy for all Police departments in Lake County stating that they had to turn over all crimes related to sex crimes or domestic violence to the Lake County Prosecutor's Special Victims Unit within three days. Lake County prosecutors also stated that they removed all discretion from the Police to decide in those cases which would proceed. This has affected the time needed to do investigations. This can be seen as prosecutorial overreach, a violation of the separation of powers and contradictory to checks and balances. The police and prosecutors have two separate interests. This would impede establishing probable cause or prevent follow-up investigations when there is a clear need as there would not be time to do one before the case has already been initiated in court. The principle of separation of powers is fundamental to the U.S. Constitution and is also recognized in state constitutions, including Indiana's. This principle ensures that the legislative, executive, and judicial branches of government operate independently and do not overstep their bounds. Indiana Constitution: Article 3, Section 1 of the Indiana Constitution explicitly states that the powers of the government are divided into three distinct departments: legislative, executive, and judicial. Prosecutorial overreach occurs when prosecutors exceed their authority, infringing upon the duties and responsibilities of other branches or agencies, such as the police. The courts have established limits of prosecutorial discretion and the need for checks on prosecutorial power. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution ensures that individuals are not deprived of life, liberty, or property without due process of law. This includes the right to a fair investigation and the establishment of probable cause before prosecution. The system of checks and balances is designed to prevent any one branch of government from becoming too powerful. By removing police discretion and mandating immediate turnover of cases, the prosecutors' office may be undermining this system. The Fourth Amendment to the U.S. Constitution requires that probable cause be established before any arrest or prosecution. The policy in question may impede the ability of police to conduct thorough investigations necessary to establish probable cause. The policy implemented by the Lake County Prosecutors Office can be challenged on the grounds of prosecutorial overreach, violation of the separation of powers, due process concerns, and the undermining of checks and balances. These principles are supported by both federal and Indiana case law, which emphasize the importance of maintaining distinct roles and responsibilities among different branches and agencies of government to ensure fair and just legal processes. Legal Principles

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

include: Separation of Powers, Prosecutorial Overreach, Due Process (14th Amendment), Checks and Balances, Probable Cause (4th Amendment). If it wasn't for the States' deliberate actions, the Police would have exercised their discretion and did a investigation and Mr. Jackson would not have been arrested, charged or convicted.

Did you present Ground Nine to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.
I did but the Indiana Supreme Court Denied Transfer.

**GROUND TEN:** [*Briefly describe your claim.*] Improper Motive - Prosecutors Secure Federal Funds and Notoriety

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Lake County has received grants which are based on Domestic Violence and Sex Crimes. The Policy cited above, in conjunction with the benefit of receiving Federal Funds and Grants based solely on the selected crime types can lead to abuse or improper reason for prosecution. This can be seen as a motive to prosecute these cases without discretion to obtain federal funding. This is supported by the deposition of Detective Brazil as well as numerous news and press releases by Lake County Prosecutor Office including statements by Wardrip discussing the policy. Prosecutor Nadia Wardrip, who oversees the prosecution of these crimes and the applications for the grants has received very large raises since this policy has been in place. Wardrip is now one of the highest paid government employees in Lake County. In 9 years, Wardrip went from making $43,200 in 2014 to making $110,350 by 2023. The large raises received by Prosecutor Nadia Wardrip since the policy's implementation could indicate a conflict of interest. Following actively participating in obtaining grants for her department, which started somewhere around late 2017 to early 2018, the fruits of that labor can be seen not only in the media regarding this work but also clearly in Wardrip's yearly raises which quadrupled in value. Wardrip would be the 10th highest paid Lake County government employee out of 3090 employees in 2023. In 2017, Wardrip was the 275th highest paid in that same list. This is all public record. The only time Wardrip's pay dipped correlated to the two times she left on maternity leave in 2018 and 2021. It can clearly be interpreted that if Wardrip had not taken the two Maternity leaves she would possibly be the highest paid Deputy Prosecutor in Lake County Indiana. Wardrip was in the 38th place for highest paid County employee in 2023 out of 3,092 Lake County employees. A year in which she was not assigned a single case in Lake County according to mycase.in.gov and only 2 cases in 2022. Prosecutorial misconduct occurs when a prosecutor acts inappropriately or unethically, often to secure a conviction or other benefits. In this case, the improper motive to secure federal funds and grants can be seen as prosecutorial misconduct. The Due Process Clause of the Fourteenth Amendment ensures that individuals are not deprived of life, liberty, or property without due process of law. The policy in question may violate due process by prioritizing financial incentives over fair and impartial prosecution. The Equal Protection Clause of the Fourteenth Amendment requires that individuals in similar situations be treated equally by the law. A policy driven by financial incentives rather than the merits of each case could result in unequal treatment of defendants. A conflict of interest arises when a public official's personal interests could improperly influence their official duties. Legal Principles include: Prosecutorial Misconduct, Due Process (14th Amendment), Equal Protection (14th Amendment), Conflict of Interest, Abuse of Discretion. If it wasn't for the States' deliberate actions to be motivated by improper means, the resulting policy created that led to Mr. Jackson not having proper due process and investigations then Mr. Jackson would have never been arrested, charged and convicted.

Nadia Wardrip Salary Increases by Year and Case Load:

*2023, 0 cases - $110,350 Yearly (+12,721)*

*2022, 2 cases - $97,629 Yearly (+17,473)*

*2021, 76 cases - $80,156 Partial Year (-7,429) (Maternity Leave)*

*2020, 109 cases - $87,585 Yearly (+17,621)*

*2019, 95 cases - $69,964 Yearly (+18,090)*

*2018, 76 cases - $51,874 Partial Year (-$6,440) (Maternity Leave)*

*2017, 69 cases - $58,314 Yearly (+3,590)*

*2016, 57 cases - 54,724 Yearly (+6,994)*

*2015, 85 cases - 47,730 Yearly (+4,530)*

*2014, 14 cases - 43,200 Yearly (Base)*

*2013, 5 cases - $18,637 Partial Year*

Did you present Ground Ten to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.
I did but the Indiana Supreme Court Denied Transfer. However, I went into more detail here.

*[**DO NOT** write in the margins or on the back of any pages. Attach additional pages if necessary.]*

**GROUND ELEVEN:** [*Briefly describe your claim.*] Mr. Jackson was held in a Probation Revocation without bail for over 15 days.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Mr. Jackson states that the Magistrate repeatedly disregarded established law when holding Mr. Jackson on a Probation Revocation over 15 days and denying bail. This happened during Mr. Jacksons first conviction and probation revocation hearing and again following the granting of the first PCR and then subsequent PTR to follow. Following the second conviction and after a PTR was filed by Lake County and Mr. Jackson turning himself in, the initial hearing on April 22, 2022. It was marked as the 2nd Petition to Revoke hearing on the case though there had not been a previous PTR since the conviction. No bond hearings were held as reflected by the CCS. Each request for bond was denied. Jackson consistently requested an evidentiary hearing. The evidentiary hearing was held on July 28, 2022. The revocation statute provides that "[a] person who is not admitted to bail pending the hearing may not be held in jail for more than fifteen (15) days without a hearing on the alleged violation of probation. This is based on I.C. § 35-38-2-3(d) and then I.C. § 35-38-2-3(f). Mr. Jackson was held for 98 days before an evidentiary hearing would be held. This is prejudicial to Mr. Jackson and Mr. Jackson feels this was deliberately done due to Judicial Bias as the Magistrate repeatedly stated that she does not reward bad behavior, as Magistrate Sullivan and Judge Bokota prejudicially viewed the situation. The Due Process Clause guarantees the right to a fair and timely hearing. Due process requires a prompt hearing when a person is detained for a probation violation. The right to bail is a fundamental right, and its denial must be justified by compelling reasons. Holding him for 98 days without a hearing is a clear violation of due process. This statutory violation can be used to support Mr. Jackson's claim of judicial bias and improper conduct. Judicial recusal is required when a judge exhibits a deep-seated favoritism or antagonism that would make fair judgment impossible. The magistrate's statements about not rewarding bad behavior and the failure to address Mr. Jackson's legal rights can be used to demonstrate judicial bias. This bias necessitates recusal under 28 U.S.C. § 455. If not for the Courts prejudicial actions, Mr. Jackson would have used that time while out on bond to obtain the evidence to show at the eventual evidentiary hearing that the claimed violation was due to policy and to get a written official statement from the treatment provider as to the reason Mr. Jackson was excused from therapy due to the States acts of disseminating immunized confidential probation record information to third parties. Legal Principles: Due Process Clause (14 Amendment), Right to Bail, Judicial Impartiality and Recusal.

Did you present Ground Eleven to the Indiana Supreme Court? ☒ Yes – Explain when and how. ☐ No – Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND TWELVE:** [*Briefly describe your claim.*] Vindictive Prosecution

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Mr. Jackson asked that Nadia Wardrip be removed from his case when she was added to it upon the previous prosecutors leave. Nadia Wardrip was seen by Mr. Jackson to have conflicting interests as Mr. Jackson at that time and currently a civil case against Hobart Police Department where Nadia Wardrip's husband works. Upon determination by her superior that it wasn't perceived as a conflict, Nadia Wardrip's first act was to remove the plea deal offered by her predecessor and offer another harsher plea deal. This is the same thing that happened in the Bill Cosby case when the first Prosecutor was replaced by the second and the second changed the plea deal for no apparent reason. All the actions that Nadia Wardrip participated in since this time further proves malicious and vindictive behavior. Her actions / involvement contributed to both plea agreements being breached and the intent can be clearly seen, which should now be considered to fall under the goading principle to bar further prosecution. Actions that are malicious or vindictive, such as withdrawing a plea deal and offering a harsher one without a valid reason, can be considered prosecutorial misconduct. This can violate the defendant's due process rights. Even if there is no actual conflict, the appearance of impropriety can be sufficient to warrant the removal of a prosecutor to maintain public confidence in the judicial process. If a prosecutor increases the severity of charges or plea deals in retaliation for the defendant exercising legal rights (such as filing a civil case), this can be considered vindictive prosecution. The state is required to act in good faith and deal fairly with the defendant in the context of plea negotiations. Actions that are malicious or vindictive can be seen as a breach of this duty. Mr. Jackson's claim regarding the conflict of interest and subsequent actions by Prosecutor Nadia Wardrip can be supported by constitutional claims under the Due Process and Equal Protection Clauses of the 14th Amendment, as well as the Double Jeopardy Clause of the 5th Amendment. Additionally, claims of prosecutorial misconduct, vindictive prosecution, and breach of plea agreements may also be relevant. Legal Principles include: Due Process (14th Amendment), Prosecutorial Misconduct, Conflict of Interest - Impartiality of Prosecutor, Vindictive Prosecution, Double Jeopardy (5th Amendment),

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Goading Principle, Breach of Plea Agreements, Good Faith and Fair Dealing. If not for the vindictive behavior of the Prosecutor, Mr. Jackson would have had different results including dismissal of charges as Mr. Jackson was innocent and the Prosecutor would have not been blinded by its behavior and its resulting actions.

Did you present Ground Twelve to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.
I did but the Indiana Supreme Court Denied Transfer.

**GROUND THIRTEEN:** [*Briefly describe your claim.*] Illegal Improper Inducements Used in Plea Bargaining / Actually Innocent

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The judge \ Magistrate falsely informed Mr. Jackson of the requirement of every Special Condition of Adult Probation. Also Mr. Jackson was denied his medications and placed in "Protective Custody" for his own safety which deprived him access to his attorney, his connections with his family, denied human contact, denied medical / psychological necessities, which would end up leading to Mr. Jackson developing SHU Syndrome. Mr. Jackson's mental state while in Protective Custody combined with all the conditions stated previously led to the Jail placing Mr. Jackson on suicide watch. Mr. Jackson, prior to being placed in Solitary Confinement stressed his desire to fight the charges. Mr. Jackson was not in the right state of mind when he was coerced into the plea agreement. Interference by the system deprived him of his mental capacities, his loved ones, his lawyer, etc. and can be seen as nothing short of torture. The court was made aware constantly by multiple sources of Mr. Jackson's decline but took no action. When the court accepted the plea agreement the court failed to perform a mental evaluation even knowing the state Mr. Jackson was in. Mr. Jackson suffers to this day with SHU Syndrome and its effects. The conditions described, such as denial of medications, solitary confinement, and lack of access to medical and psychological care, can be argued to constitute cruel and unusual punishment. Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. The Fourteenth Amendment ensures due process rights, which include the right to a fair trial and the right to be informed of the nature and cause of accusations. The false information provided by the judge regarding the special conditions of probation and the coercion into a plea agreement without a mental evaluation can be argued as violations of due process. A plea agreement must be entered into voluntarily and with full awareness of the consequences. Coercion, especially when the defendant is not in the right state of mind, violates due process. The courts are required to ensure a defendant's plea is voluntary and that the defendant understands the rights being waived. The denial of necessary medical and psychological care can be argued under the Eighth Amendment as well as under due process principles. The conditions of confinement, including solitary confinement and protective custody, must meet constitutional standards. The court's failure to perform a mental evaluation despite being aware of Mr. Jackson's declining mental state can be argued as a violation of due process. These principles provide a robust framework for arguing that Mr. Jackson's constitutional rights were violated in multiple ways during his incarceration and legal proceedings. Legal Principles include: Cruel and Unusual Punishment (8th Amendment), Right to Counsel (6th Amendment), Due Process (14th Amendment), Coerced Plea Agreement (6th Amendment), Right to Medical and Psychological Care (8th Amendment), Conditions of Confinement, Mental Health and Competency. If not for being placed in that position by the State and provided his medical and psychiatric needs, Mr. Jackson would not have accepted the Plea Agreement as he stated right before he was placed in Solitary Confinement.

Did you present Ground Thirteen to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.
I did but the Indiana Supreme Court Denied Transfer.

**GROUND FOURTEEN:** [*Briefly describe your claim.*] Warrant was not Properly Predicated and Contained Misleading Omissions in Charging Documents / Napoo Claim / Insufficiency of Evidence

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The deposition of Detective Brazil proves that the affiant officer knowingly and intentionally, or with reckless disregard for the truth, included false or misleading statements or omitted material information in the affidavit that were necessary to establish probable cause and admits that the only thing "establishing" probable cause was the manufactured false statement and that no other evidence was available and that no investigation into the claim was made and that the detective admits that he knew the information was false. Detective Brazil's deposition proves that the affiant officer included false or misleading statements or omitted material information intentionally or recklessly, and these were necessary to establish probable cause, the search warrant should be invalidated. The Fourth Amendment to the U.S. Constitution protects individuals from unreasonable searches and seizures. A search warrant must be based on probable cause, supported by an oath or affirmation. If the only thing establishing probable cause was a manufactured false statement, and no other evidence was available, this would constitute a

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

violation of the Fourth Amendment. The lack of investigation into the claim further supports the argument that the search was unreasonable. The use of false statements to obtain a search warrant should be seen as a violation of due process, as it undermines the fairness and integrity of the judicial process. By leveraging these principles and constitutional claims, Mr. Jackson has built a robust argument that the search warrant was invalid due to the inclusion of false statements and the lack of probable cause. Legal Principles include: "Franks", Unlawful Seizure (14th Amendment), Due Process Clause (14th Amendment). If not for the illegal actions and policies by the local and county government, Mr. Jackson would not have been arrested and the proper person would have been arrested, charged and brought to justice. Detective Brazil stated in his deposition that there was no evidence whatsoever that Mr. Jackson had committed any crime and that the only thing used to established probable cause was a knowingly false and then later further fabrication by the Detective himself and also admitted to in the deposition. If not for this false misleading statement and the withheld brady material evidence, Mr. Jackson would have never been charged or convicted.

Did you present Ground Fourteen to the Indiana Supreme Court?  ☒ Yes - Explain when and how. ☐ No - Explain why not.
I did but the Indiana Supreme Court Denied Transfer.

**GROUND FIFTEEN:** [*Briefly describe your claim.*] Conviction and Sentence Was Illegal and Deprived Jackson of His Rights

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The Threat Level Assessment Tool was used, and its findings would be ignored by the state and the judicial officer stating the policy of maximum threat level determination for all individuals convicted of any sex crime regardless of the type or severity. This would lead the Officers and the court to consistently view Mr. Jackson as a Threat to Society even though his charges were non-violent, lacked evidence and he had no priors. Mr. Jackson holds that his conviction or sentence was in violation of the Constitution or laws of the United States. Mr. Jackson argues that the state's policy of automatically assigning a maximum threat level to all individuals convicted of any sex crime, regardless of the specifics of their case, violates his right to due process as the outcome of the assessment is moot based on policy. This policy does not allow for individualized assessments and ignores the findings of the Threat Level Assessment Tool, which could have provided a more accurate evaluation of his threat level. The Equal Protection Clause of the 14th Amendment requires that individuals in similar situations be treated equally by the law. Mr. Jackson argues that the policy of assigning a maximum threat level to all sex offenders, regardless of the nature of their offense, violates the Equal Protection Clause. This is because it treats all sex offenders as a homogenous group without considering the individual circumstances of each case. The Eighth Amendment prohibits cruel and unusual punishment. Mr. Jackson argues that the policy of automatically assigning a maximum threat level to all sex offenders constitutes cruel and unusual punishment, especially in his case where the charges were non-violent, lacked evidence, and he had no prior convictions. This policy led to disproportionately harsh treatment and sentencing. Administrative actions must not be arbitrary and capricious. These legal principles and constitutional claims highlight the need for individualized assessments and prohibition against blanket policies that do not consider the specific circumstances of each case. Legal Principles include: Due Process Clause (14th Amendment), Equal Protection Clause (14th Amendment), Cruel and Unusual Punishment (8th Amendment), Arbitrary and Capricious Standard. If not for the illegal use of the software, Mr. Jackson would not have had his initial probation revoked and he would not have ended up in Solitary Confinement and would have fought his original PCR without being improperly induced into accepting a plea agreement when he was in a mentally vulnerable state and would not now suffer from SHU Syndrome.

Did you present Ground Fifteen to the Indiana Supreme Court?  ☒ Yes - Explain when and how. ☐ No - Explain why not.
I did but the Indiana Supreme Court Denied Transfer.

**GROUND SIXTEEN:** [*Briefly describe your claim.*] Denied Right to Redress

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The court, prosecutors and Probation Officers failed to provide reasons why hearsay evidence during his Probation revocation hearings could not be challenged nor as to why the person could not be there in person or provide an affidavit or written statement to back up the claims. The few times Mr. Jackson and his attorney challenged the Hear Say evidence the Magistrate denied them the option including not allowing admission of evidence or to review it in open court. This is reflected in the transcripts. The U.S. Supreme Court held that due process requires certain procedural protections in parole revocation hearings, which are also applicable to probation revocation hearings. These protections include the right to confront and cross-examine adverse witnesses unless the hearing officer specifically finds good cause for not allowing confrontation. The 7th Circuit has recognized that while the Confrontation Clause does not apply with full force in probation revocation hearings, due process still

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

requires that the defendant be allowed to confront and cross-examine witnesses unless there is a specific finding of good cause for not allowing it. The 7th Circuit has held that hearsay evidence can be admitted in probation revocation hearings, but its reliability must be established, and the defendant must have an opportunity to challenge it. Legal Principles include: Confrontation Clause (6th Amendment), Due Process Clause (14th Amendment), Right to a Fair Trial (6th Amendment), Hearsay Evidence, Failure to Provide Reasons. If not for the actions of the State and the Judicial Officers, Magistrate and Judge, Mr. Jackson would have been able to challenge his PTR and he would not have been sent to Prison and could have changed the result of his 2nd PCR by being able to actively work on it from the outside. Mr. Jackson would not have had his probation revoked, a shorter sentence served and could have had a major impact on the success of his PCR and PTR hearings.

Did you present Ground Sixteen to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND SEVENTEEN:** [*Briefly describe your claim.*] Interference from the Court and its Officers in Legal Processes

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Not only did the court act in a prosecutorial role on multiple occasions but it also allowed Probation Officers and Prosecutors to exercise judicial authority without leave from the court to do so. The court also failed in its administrative duty to protect the court records, failed to protect the integrity of the court from criminally illegal actions done by court officers and court staff and failed to address complaints of misconduct in a timely manner, so much so that would take years to even be addressed but never resolved. The court also presided over two Motions of Indirect Criminal Contempt by these officers, against Indiana State Law which states that due to bias it "must" be presided over by a Special Judge, the action needs to brought in the name of the State and assigned a Special Prosecutor which was not done, was to be in its own cause of action which was not done, and required an evidentiary hearing which was denied. The Court lacked jurisdiction in the matters yet presided over the motions to protect the court's own complicity and in some cases deliberate indifference toward the illegal actions done by its officers to protect themselves and their staff. In the latest part, the Court would fail to enforce its own order granting transcripts to be prepared for Mr. Jackson for use in his Appeals and his Habeas Corpus which were not turned over nor was any reason provided. When the second deadline was breached Mr. Jackson would request a third time for those and other transcripts which would be denied by the court. Mr. Jackson also brought a contempt motion against the court officer for twice failing to provide the needed ordered transcripts which were blatantly be dismissed by the Magistrate and Judge stating that the deadline was not breached when the record clearly shows otherwise. Then the court judicial officers repeatedly failed to recuse themselves after Mr. Jackson had filed required affidavits and motions requesting them to do so based on their actions, inactions, orders, etc. where clear bias is readily apparent. Due process requires recusal of a judge when there is a serious risk of actual bias or prejudgment. This principle can be applied to the claim that judicial officers failed to recuse themselves despite clear bias. The failure to provide transcripts and address complaints timely can be seen as a violation of due process. The court acting in a prosecutorial role and allowing probation officers and prosecutors to exercise judicial authority violates the separation of powers principle. Due process includes the right to an impartial judge and the proper handling of court records. The public's right to access court records. The court's failure to provide transcripts as ordered violates this right. The court's actions in taking on a prosecutorial role and allowing probation officers and prosecutors to exercise judicial authority without leave of the court violate the separation of powers. The court's failure to protect court records and address complaints of misconduct in a timely manner violates due process rights. The court's handling of indirect criminal contempt motions without appointing a special judge and prosecutor, as required by Indiana Code § 33-39-1-6, violates state law and due process principles. The court's failure to enforce its own order granting transcripts for Mr. Jackson's appeals and habeas corpus petitions violates the right to access court records. The repeated failure of judicial officers to recuse themselves despite clear bias violates the right to an impartial tribunal. The claim statement can be supported by invoking due process rights under the 14th Amendment, the separation of powers principle, the right to an impartial tribunal, and specific Indiana case law and statutes. These legal principles underscore the necessity for fair procedures, judicial impartiality, and proper handling of court records and complaints. Legal Principles include: Due Process Rights (14th Amendment), Separation of Powers, Right to an Impartial Tribunal, Right to Access Court Records, Failure to Protect Court Records, Improper Handling of Indirect Criminal Contempt Motions. If not for the illegal actions of the officers using Judicial Authority unchecked, the outcome would have been different for Mr. Jackson, and he would have been able to be better prepared for his Post Conviction Relief and Petition to Revoke Hearings. If it wasn't for the States'

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

deliberate actions to harass and prejudice Mr. Jackson and abide by the agreement, then the plea agreement would not have been materially breached, violated and invalidated due to prejudicial misconduct by the State.

Did you present Ground Seventeen to the Indiana Supreme Court?  ☒ Yes - Explain when and how. ☐ No - Explain why not. I did but the Indiana Supreme Court Denied Transfer.

**GROUND EIGHTEEN:** [*Briefly describe your claim.*] Breach of Plea Agreement – Interference with Visitation Rights by Lake County Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Mr. Jackson's plea agreement stated that Porter County Probation would have discretion to permit visitation between Mr. Jackson and his biological children. This was due to the abuse Mr. Jackson had received by Lake County Probation and Lake County Prosecutors. The Prosecutor and Lake County Probation Officer involved themselves in an unrelated Family Custody Hearing and disseminated confidential information, which was additionally protected by an immunity agreement, under the color of law, in their official capacity, and while there as special key witnesses alleged crimes committed that were never charged or a part of any investigation or prosecution, false light and misconstrued confidential immunized information and declared Mr. Jackson a danger to his own children based on nothing other than that he is a registered offender. This was done in direct violation of the plea agreement granting specifically Porter County discretion about visitation. Before Mr. Jackson signed the plea agreement he was informed, and this is confirmed by transcript, that Porter County Probation had seen no issues with Mr. Jackson having custody, visitation and living with his children. Following the agreement, but before Mr. Jacksons release, Lake County Probation would contact Porter County which would lead to them changing their minds. The courts and constitution state that Parenting rights can only be removed under due process of law and specific determination being legally established. This was not done. Mr. Jackson was not allowed to live at home, nor was he allowed visitation with his children. Legal Principles include: Breach of Plea Agreement, Due Process (14th Amendment), Misuse of Immunized Information, freedom of speech and association (1st Amendment), False Light and Defamation, Equal Protection Violations (14th Amendment), retaliatory / Infringement of rights (1st Amendment). If it wasn't for the States' deliberate actions to harass and prejudice Mr. Jackson and abide by the agreement, then the plea agreement would not have been materially breached, violated and invalidated due to prejudicial misconduct by the State. Mr. Jackson would have also been able to help his eldest child in need and would not have resulted in Mr. Jackson being removed from therapy due to their actions to protect himself from compulsion as he is "required" to admit guilt in those sessions.

Did you present Ground Eighteen to the Indiana Supreme Court?  ☒ Yes - Explain when and how. ☐ No - Explain why not. I did but the Indiana Supreme Court Denied Transfer.

**GROUND NINETEEN:** [*Briefly describe your claim.*] Breach of Plea Agreement – Violation of Immunity Agreement & Court Order

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Prior to accepting the plea agreement, Mr. Jackson stressed concern about misuse and abuse of any information gathered in court ordered therapy and polygraph sessions. The court agreed that it would amount to compulsion and violations. The State offered an immunity agreement as an inducement and the Magistrate ordered that the State could not use any information gathered in the Polygraph and Therapy sessions at all. Mr. Jackson's fears would be validated despite the agreements, the court order, and promises by the state. The state would indeed misuse that information under the color of law and in their official capacity only to harass, defame and deprive Mr. Jackson of his rights and protections and not in the pursuit of any lawful process. Legal Principles include: Privilege Against Self-Incrimination (5th Amendment), Right to Counsel (6th Amendment), Due Process Clause (14th Amendment), Breach of Immunity Agreement, Abuse of Process, Harassment and Defamation. By invoking these constitutional protections and legal principles, Mr. Jackson can substantiate his claim that the misuse of information gathered in court-ordered therapy and polygraph sessions violated his rights and protections under the law. If it wasn't for the States' deliberate actions to harass and prejudice Mr. Jackson and abide by the agreement, then the plea agreement would not have been materially breached, violated and invalidated due to prejudicial misconduct by the State. This also violated the Immunity agreement and a direct court order.

Did you present Ground Nineteen to the Indiana Supreme Court?  ☒ Yes - Explain when and how. ☐ No - Explain why not. I did but the Indiana Supreme Court Denied Transfer.

**GROUND TWENTY:** [*Briefly describe your claim.*] Judicial Bias and Misconduct

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

Mr. Jackson has filed multiple affidavits of Judicial Bias based on orders made by the court showing favoritism, inappropriate comments made by the magistrate, failure to address and dismissive positions towards illegal and criminal actions taken by court officers. Magistrate Sullivan presided over two Indirect Criminal Contempt motions which by Indiana Law requires a Special Judge to be appointed due to perceived bias. A full history and example orders have been gathered including transcripts. When Mr. Jackson filed a motion for recusal or for a special judge to be appointed it was also dismissed by both the Magistrate and the Supervising Judge. The Fourteenth Amendment guarantees the right to due process, which includes the right to a fair and impartial tribunal. Judicial bias or the appearance of bias can violate this fundamental right. Legal Principles include: Due Process (14th Amendment), Indiana Code § 34-47-3-5, Indiana Code of Judicial Conduct Rule 2.11, Right to an Impartial Judge - due process. Mr. Jackson's claim can be supported by invoking the due process clause of the Fourteenth Amendment, Indiana Code, and relevant case law that emphasizes the necessity of an impartial judiciary. The gathered history, example orders, and transcripts will serve as critical evidence to substantiate the claim of judicial bias. The fact that Magistrate Sullivan presided over two Indirect Criminal Contempt motions, which by Indiana law requires a Special Judge, strengthens the argument for perceived bias. Mr. Jackson's affidavits alleging favoritism, inappropriate comments, and dismissive positions towards illegal actions by court officers can be used to demonstrate a pattern of bias. The dismissal of Mr. Jackson's motion for recusal or for a special judge by both the Magistrate and the Supervising Judge can be argued as a failure to uphold due process and judicial impartiality. If it wasn't for the bias held by the Judicial officers, Mr. Jacksons Post Conviction Relief and Petition to Revoke hearings would have been different. Their actions also materially breached, violated and invalidated and would lead to further prejudicial misconduct by the State.

Did you present Ground Twenty to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND TWENTY-ONE:** [*Briefly describe your claim.*] ADA Violations – Denial of Requests for Accommodation

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The Court via the Magistrate and other officers, including Probation Officers, jail officers, prison officers, and an ADA compliance officer repeatedly ignored reasonable accommodation requests made by Mr. Jackson and Mr. Jackson's behavior caused by his disability combined with him protecting his rights was seen as trying to control his supervision. Specialists even reached out to the court and to the Probation Officer to inform them of Mr. Jackson's conditions and behaviors, but they were never acknowledged. Title II of the ADA: This title prohibits discrimination by public entities, including courts, against individuals with disabilities. It requires public entities to make reasonable accommodations to ensure that individuals with disabilities have equal access to services, programs, and activities. Rehabilitation Act of 1973 - Section 504: This section prohibits discrimination because of disability in programs and activities that receive federal financial assistance, which includes state and local courts. The Fourteenth Amendment guarantees the right to due process, which includes the right to fair treatment by government entities, including courts and correctional facilities. Mr. Jackson's invokes the ADA, the Rehabilitation Act, and the Fourteenth Amendment's due process and equal protection clauses. The gathered evidence, including ignored accommodation requests and specialists' input, serves as critical evidence to substantiate the claim of discrimination and failure to provide reasonable accommodations. Legal Principles include: Americans with Disabilities Act (ADA), Rehabilitation Act of 1973, Due Process (14th Amendment), Equal Protection (14th Amendment). If it wasn't for the States' deliberate actions to harass and prejudice Mr. Jackson and abide by the agreement, then the plea agreement would not have been materially breached, violated and invalidated due to prejudicial misconduct by the State and Mr. Jackson would have also been assigned an appeals attorney. The Judicial officers would not have been given a biased view based on Mr. Jacksons behaviors and the resulting PCR and PTR hearings would have been different, not revoked an even PCR could have been granted.

Did you present Ground Twenty-One to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.

I did but the Indiana Supreme Court Denied Transfer.

**GROUND TWENTY-TWO:** [*Briefly describe your claim.*] Indiana Rule 4(c) Rights were Ignored and Miscalculated

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The state has breached its own plea agreement repeatedly. They also failed to meet discovery deadlines providing Brady Material to the Defendant by that deadline. All time between the deadline and the time the Defendant received the evidence should be attributed to the State. Mr. Jackson did assert this argument. Also, all the time that was spent on Plea Negotiations

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

should now be attributed to the state as the Negotiations were done in bad faith and two of the plea deals were breached and illusory, severely prejudicing Mr. Jackson. Speedy Trial Rights: Under the Sixth Amendment, a defendant has the right to a speedy trial. Delays caused by the state's failure to provide discovery or bad faith negotiations can be attributed to the state. The combination of these legal principles and constitutional claims can support Mr. Jackson's argument that the state's actions have violated his rights. The breaches of the plea agreement, failure to provide Brady material, and bad faith negotiations can be attributed to the state, potentially leading to relief such as dismissal of charges, specific performance of the plea agreement, or withdrawal of the plea. Legal Principles include: Breach of Plea Agreement Contract Law Principles, Failure to Provide Brady Material - Due Process (14th Amendment), Attribution of Time to the State, Speedy Trial Rights (6th Amendment), Bad Faith Plea Negotiations, Prejudice to the Defendant. The calculations, if done correctly, would have prevented what came after resulting in an invalid plea agreement, as proven in the first PCR, being accepted but instead Mr. Jackson, who is innocent, would be free.

Did you present Ground Twenty-Two to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not. I did but the Indiana Supreme Court Denied Transfer.

**GROUND TWENTY-THREE:** [*Briefly describe your claim.*] Lack of Probable Cause for Charges – Tainted and knowingly false documents used to secure Probable Cause.

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The charging documents were found to be both false in nature and parts were tainted by the detective who admitted in deposition to knowingly submitting false documentation. The detective also coached the Complaining Witness on the first case when it came to light that her statements to police were false. This was a part of the evidence that the state failed to turn over in a timely manner. Fourteenth Amendment: The Due Process Clause of the Fourteenth Amendment guarantees fair procedures. Knowingly submitting false documentation and coaching witnesses to provide false statements violates due process. Deliberate use of perjured testimony by the prosecution violates due process. The 7th Circuit has held that the use of false evidence or perjured testimony can be grounds for overturning a conviction. Legal Principles include: Due Process (14th Amendment), Brady Violations (14th Amendment), Misconduct by Law Enforcement, Right to a Fair Trial (6th Amendment), Suppression of Evidence, fruit of the poisonous tree. The use of false documentation, coaching of witnesses, and failure to disclose exculpatory evidence can be grounds for dismissal of charges, suppression of evidence, or other relief. If it wasn't for the police and prosecutors deliberate actions Mr. Jackson would have not have been charged as Probable Cause would not have been established and he would have never been convicted.

Did you present Ground Twenty-Three to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not. I did but the Indiana Supreme Court Denied Transfer.

**GROUND TWENTY-FOUR:** [*Briefly describe your claim.*] Selective Prosecution / Actually Innocent

Supporting Facts: [*Do not argue or cite law. Just state the specific facts that support your claim.*]

The Complaining Witnesses statements show reasonable suspicion supporting Perpetrator Substitution. The Detectives knowingly and admittedly at the urging of the First Complaining Witness failed to investigate or press charges against the family member that was identified as the perpetrator. In fact, in the video investigation the Detective on the case even makes a statement showing that the other person identified could be seen as the actual perpetrator and that Mr. Jackson can be seen as the target of the substitution. He also stated that the Witness can now be seen as not credible. Later, after charges were filed against Mr. Jackson this Selective Prosecution / Perpetrator Substitution was further compounded by the states lack any investigation or prosecution of this individual and that the only evidence Nadia Wardrip had against Mr. Jackson should now be considered tainted and not credible. However, she failed to dismiss the charges. Fundamental fairness, the Due Process Clause of the 14th Amendment requires that criminal prosecutions be fundamentally fair. If the detectives knowingly failed to investigate or press charges against the actual perpetrator, and instead targeted Mr. Jackson, this could be seen as a violation of his right to a fair trial. The detectives' failure to investigate the family member identified as the perpetrator could be seen as investigative misconduct. This supports claims of due process violations and contributes to arguments for dismissal of charges or suppression of evidence. The claim statement regarding Perpetrator Substitution and Selective Prosecution can be supported by constitutional claims under the Due Process and Equal Protection Clauses of the 14th Amendment, as well as the right to a fair trial under the 6th Amendment. Additionally, claims of false arrest, malicious prosecution, and investigative misconduct may also be relevant. Legal Principles include: Due Process (14th Amendment), Brady violation, Equal Protection (14th

[*DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.*]

Amendment), Selective Prosecution, Right to a Fair Trial (6th Amendment), False Arrest and Malicious Prosecution, Investigative Misconduct. If it wasn't for the Officers and Prosecutors actions, the real perpetrator would have been charged and convicted and Mr. Jackson would have never been arrested. It would have allowed the detectives to do a real investigation into the matters and discovered Mr. Jackson was innocent. Instead of choosing to charge the white male cousin who was the actual perpetrator as identified first by Mr. Jackson and then by the Complaining Witness who then asked the Detective to not tell anyone which was all caught on video.

Did you present Ground Twenty-Four to the Indiana Supreme Court? ☒ Yes - Explain when and how. ☐ No - Explain why not.
I did but the Indiana Supreme Court Denied Transfer.

## TIMELINESS OF PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

9. Explain why this petition is timely under the provisions of 28 U.S.C. § 2244(d).

Since acceptance of the last plea, Mr. Jackson has been involved in both Post Conviction Relief actions and Appeals of Previous Post Conviction Relief Actions which made the time not count against him. The time has not expired, and Mr. Jackson has continuously shown action as asserting his rights and fighting to correct all errors. The records are clear on this. His Habeas petition was accepted and placed on hold until the resolution of his state appeals. That now has happened, and Mr. Jackson has resumed his Habeas. The delay of a few days in filing the updated petition is due to the lower court failing to hold the Court Reporter accountable for missing two deadlines. The files were finally turned over on July 25, 2024.

## RELIEF

I ask for the following relief: In Order or desired relief. But please grant all that apply.

1) Acquittal due to:
   a. Lack of evidence to sustain a conviction or establish probable cause as charging document was admitted being tampered with by the Detective on the Case.
   b. Selective Prosecution by both the Detective and Prosecutors.
   c. The complaining witness was coerced for over a year to admit that a criminal act occurred involving the Defendant.
   d. The Complaining witness was coached, caught on video, by the Detective on the case who admitted that her statement can be perceived as not credible.

2) Dismiss Cases with Prejudice due to the claims made above.

3) Dismiss the Charging Papers, Sealing and Expungement of all related records including Arrests, Convictions, and all other records of action so that it may never be brought up against Mr. Jackson both privately and judicially in the future.

4) Request the Court to see the need to request a Special Prosecutor to investigate the various actions, both criminal and otherwise, done by the state and negligence done by the Federal Agencies who failed to offer equal protection and treatment to a citizen who has been abused by government officials.

5) Disciplinary Actions against all individuals who were involved which include but not limited to Nadia Wardrip, Jacob Otto, and others.

6) Or any other relief to which I may be entitled.

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below the electronic signature found on this page, I filed the foregoing document in person at the United States District Court Northern District of Indiana Clerk. This includes all required copies so that all parties shall be notified.

David Edward Jackson III
507 Oak St. FRNT
Valparaiso IN, 46383
(219) 781-2799
Dated: August 5, 2024

## VERIFICATION OF ACCURACY

"I verify under penalties of perjury that the documents in this Motion are accurate to the best of my ability."

David Edward Jackson III
507 Oak St. FRNT
Valparaiso IN, 46383
(219) 781-2799
Dated: August 5, 2024

*[DO NOT write in the margins or on the back of any pages. Attach additional pages if necessary.]*