UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID EDWARD JACKSON, III,

Petitioner,

v.

INDIANA PAROLE BOARD,

Respondent.

CAUSE NO. 2:24-CV-10-PPS-AZ

ORDER

David Edward Jackson, III, a petitioner without a lawyer, filed a motion seeking relief from the order denying his habeas petition. ECF 49. Rule 60 authorizes me to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In this case, Jackson proceeded on an amended habeas petition challenging his convictions and sentences for sexual misconduct with a minor in the Lake Superior Court under Case No. 45G02-1803-F4-11, Case No. 45G02-1803-F3-11, Case No. 45G02-

1803-F4-9, and the related probation revocation proceedings. ECF 15. In resolving the petition, I first addressed custody. Jackson was on parole when he filed his petition, so the custody requirement was satisfied for the petition as a whole. But because he had since been released, he had to identify concrete and continuing collateral consequences. The one he identified—his sex offender registration obligation— flows from his convictions rather than from his revocations. ECF 36 at 2. As a result, I set aside the claims relating to probation revocation and sentencing and gave further consideration only to the claims that challenged his conviction. *Id*.

Next, I found that Jackson had properly exhausted only one of his twenty-four grounds for habeas relief and that the rest were procedurally defaulted because he did not properly present them at each level of the state courts on direct appeal and post-conviction review. *Id*. at 5. I considered Jackson's assertion of actual innocence and found that while the evidence offered by Jackson provided some basis to question the victim's credibility, it did not meet the high threshold necessary to excuse procedural default. *Id*. at 13. I also considered whether ineffective assistance of counsel or misconduct by state officials excused the procedural default, finding that Jackson did not meet the standard under which ineffective assistance of counsel can provide cause, and that Jackson's accusations of misconduct did not suggest that such misconduct prevented him from properly presenting his claims in state court. *Id*. at 15.

I then considered Jackson's only properly exhausted claim, which pertained only to the Porter County Sheriff's website erroneously indicating that Jackson had a lifetime requirement to remain registered as sex offender. I found that this claim did not

warrant habeas relief because it amounted to a clerical error that had since been corrected. *Id*. at 17.

Finally, I considered Jackson's motion for sanctions against the Warden for failing to file a complete state court record and for engaging in fraudulent conduct by falsely claiming that Jackson was not on parole at the time he filed his habeas petition. I clarified that the state court record contemplated by my show cause order was the record submitted to the state appellate courts on direct appeal and post-conviction appeal, and I found that the Warden had produced this record. I also acknowledged the Warden's misrepresentation regarding Jackson's parole discharge date, finding that the Warden had since corrected it and concluding that sanctions were not warranted. *Id*. at 20.

In this motion for relief from judgment, Jackson asserts that I should reopen this case on familiar grounds. He refers to the Warden's misrepresentation regarding his parole discharge date, but I adequately addressed that misstep in the order denying his habeas petition. With respect to the purportedly incomplete state court record, Jackson specifically states that the Warden failed to file briefs, evidence, transcripts, and filings relating to his criminal and post-conviction proceedings, but the Warden appears to have submitted all of these documents. *See* attachments to ECF 23 and ECF 24.

Moreover, practically speaking, procedural default in this particular case can be readily determined by reviewing the petitions to transfer to the Indiana Supreme Court,

which include only the claim relating to the Porter County Sheriff's clerical error.[1] The Warden filed the petition to transfer for post-conviction review, and there is no indication that Jackson ever filed a petition for transfer on direct review. *See* ECF 23-1; ECF 23-14.

Jackson further suggests that the Warden should have produced the records of his efforts to seek successive post-conviction relief in state court. This, too, was beyond the scope of my show cause order. Even so, I had considered Jackson's successive post-conviction efforts and found that they did not constitute proper exhaustion. This was because Jackson's claims became procedurally defaulted when he did not properly assert them on direct appeal or in his initial post-conviction review proceedings, *see Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016) (claim is procedurally barred "when the federal issue was not fairly presented to the state courts and those courts would now hold the claim procedurally barred"); *Burkett v. State*, 195 N.E.3d 394, 397 (Ind. Ct. App. 2022) ("Generally, one convicted of a crime in an Indiana state court can seek collateral review of that conviction and sentence in a post-conviction proceeding only once."); *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001) ("If an issue was known and available, but not raised on direct appeal, it is waived."). And Jackson cites no authority suggesting that an unsuccessful attempt to pursue a successive petition in state court would set aside procedural default.

---

[1] To be clear, I reviewed the submitted state court record in its entirety when considering the habeas petition in addition to independently reviewing the electronic docket for the state courts, which are available at https://public.courts.in.gov/mycase.

Jackson also asserts that the Warden did not file various documents relating to his probation, but, as I have explained before, the Warden was not required to file these documents. Even if the Warden had, it would have made no difference given my finding that Jackson could not proceed on his probation-related claims because he was no longer on probation and had identified no continuing collateral consequences as a result of probation or revocation. Indeed, it remains entirely unclear what relief Jackson could now be seeking in connection with his probation given that it was discharged two years ago.

Jackson offers new evidence to support the motion for relief from judgment, *see* ECF 49 at 13-18, but none of this evidence materially relates to my reasons for denying habeas relief, which turned on Jackson's failure to present his claims through one complete round of state review. He also argues that the state court procedures for successive petitions amount to an extraordinary circumstance because they make exhaustion impossible, but this is simply untrue. Jackson had the opportunity to present all claims relating to his conviction on direct appeal and in initial post-conviction proceedings, and there is nothing otherwise extraordinary about the state court procedure for successive petitions. Nor can I find that Jackson's accusations that opposing counsel committed fraud in this case have any merit given that they rely on the misstatement regarding the parole discharge date and purported omissions from the record, which I have already addressed. Jackson also alludes to a lack of success in seeking additional records from the state courts through the Indiana Access to Public Records Act, which he says frustrated his efforts to show proper exhaustion, but as

detailed above, I had all the records I needed to make the necessary determinations on proper exhaustion and procedural default in this case.

Because Jackson provides no compelling reason to reopen this case, the motion for relief from judgment is denied, and this case will remain closed. Because this case will remain closed, I will also deny the contemporaneously filed motions for appointment of counsel, discovery, an evidentiary hearing, and expansion of the record.

For these reasons, the Court:

(1) DENIES the motion for relief from judgment (ECF 49);

(2) DENIES the motion for counsel (ECF 50);

(3) DENIES the motion for discovery (ECF 51);

(4) DENIES the motion for a hearing (ECF 52); and

(5) DENIES the motion to expand the record (ECF 53).

SO ORDERED.

ENTERED: August 4, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT